IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAY HERNANDEZ,

                Plaintiff,                Case No. 3:11 CV 1507

    -vs-

                                              <u>MEMORANDUM   OPINION</u>

PITT OHIO EXPRESS, LLC,

                Defendant.

KATZ, J.

      Plaintiff Jay Hernandez brings this suit against his former employer, Defendant Pitt Ohio Express, LLC, for wrongful discharge in violation of Ohio's public policy. Plaintiff asserts his termination was contrary to Ohio's public policy favoring workplace and roadway safety. The matter is currently before the Court on Defendant's motion to dismiss Plaintiff's complaint pursuant to FED. R. CIV. P. 12(b)(6). For the reasons stated herein, Defendant's motion to dismiss will be granted.

**I. Background**

      The Court accepts Plaintiff's factual allegations as true for purposes of Defendant's motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007).

      Plaintiff was employed by Defendant as a truck driver from February 2008 until February 6, 2011, when Plaintiff was terminated. In July 2010, "Plaintiff was instructed to work in the back of a truck with a temperature of one hundred and ten degrees, all day." (Doc. 1 at ¶6). Plaintiff became dehydrated as a result of the excessive heat, and at some point, Plaintiff notified the dispatcher that it was too hot to work, and that the conditions were unsafe. Plaintiff did not complete the assignment, and as a result was suspended for five days.

In February 2011, Plaintiff was involved in an accident when his truck encountered black ice. Because Plaintiff was on a final disciplinary warning for failing to complete his duties in July 2010, the accident caused Defendant to terminate Plaintiff. Plaintiff subsequently sued Defendant for wrongful discharge in violation of Ohio public policy. Plaintiff maintains that his "final disciplinary warning" status–and thus, the circumstance of his termination–was a violation of Ohio public policy. Specifically, Plaintiff claims that it was a violation of public policy favoring workplace and roadway safety policy to discipline Plaintiff for refusing to work in 110 degree temperatures while dehydrated.

Defendant filed the instant FED. R. CIV. P. 12(b)(6) motion to dismiss on September 30, 2011. Plaintiff filed his opposition on October 31, 2011, and Defendant replied on November 14, 2011.

**II. Standard of Review**

FED. R. CIV. P. 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Courts must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Twombly*, 550 U.S. at 555 (stating that the complaint must contain more than "a formulaic recitation of the elements of the cause of action"). A complaint must state sufficient facts to, when accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct).

In conjunction with this standard, the Court is cognizant that FED. R. CIV. P. 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the ground upon which it rests.'" *Erickson*, 551 U.S. at 93 (citing *Twombly*, 550 U.S. at 596); see also *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295-96 (6th Cir. 2008). The Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

### III. Discussion

Wrongful discharge in violation of public policy is a narrow exception to Ohio's longstanding at-will employment doctrine allowing "an employer to terminate the employment of his worker 'at will for any cause, at any time whatsoever.'" *Painter v. Graley*, 639 N.E.2d 51, 55 (Ohio 1994) (quoting *Phung v. Waste Mgt., Inc.*, 491 N.E.2d 1114, 1116 (Ohio 1986)); *see also*

*Greeley v. Miami Valley Maint. Contractors*, 551 N.E.2d 981 (Ohio 199) (establishing public policy cause of action). To state a claim for wrongful discharge in violation of public policy,

> a plaintiff must plausibly allege that: (1) a clear public policy existed, manifested in a state or federal constitution, statute or administrative regulation (clarity element); (2) dismissing employees under such circumstances would jeopardize the public policy (jeopardy element); (3) conduct related to the public policy motivated the dismissal (causation element); and (4) the employer lacked an overriding business justification (justification element).

*Unger v. City of Mentor*, 387 Fed.Appx. 589, 593-94 (6th Cir. 2010) (citing *Kulch v. Structural Fibers, Inc.,* 677 N.E.2d 308, 321 (Ohio 1997)). The clarity and jeopardy elements are questions of law while the causation and justification elements are questions of fact. *Dohme v. Eurand Am., Inc.*, 956 N.E.2d 825, 829 (Ohio 2011) (citing *Collins v. Rizkana*, 652 N.E.2d 653, 658 (Ohio 1995)). In the instant matter, Plaintiff cannot satisfy the jeopardy element.

To satisfy the jeopardy element, Plaintiff must demonstrate that the "policy itself is at risk if dismissals like the one in question are allowed to continue." *Langley v. Daimler Chrysler Corp.*, 407 F. Supp. 2d 897, 909 (N.D. Ohio 2005), *aff'd*, 502 F.3d 475 (6th Cir. 2007) (quoting *Jermer v. Siemens Energy & Automation, Inc*. 395 F.3d 655, 659 (6th Cir. 2005)). Additionally, the notice provision of the jeopardy element requires that "the employee's conduct 'must at least have made it clear to his employer that he is invoking a governmental policy as the basis of his complaint, not just his own self-interest.'" *George v. Fairfield Metro. Hous. Auth.*, No. 2:07-cv-0357, 2008 WL 3008663, at *8 (S.D. Ohio 2008) (quoting *Jermer*, 395 F.3d at 659). As the Sixth Circuit explained:

> In exchange for granting employees [the public policy] protection, employers must receive notice that they are no longer dealing solely with an at-will employee, but with someone who is vindicating a governmental policy. Employers receive clear notice of this fact when actual government regulators arrive to audit or inspect. They should receive some similar notice when an employee functions in a comparable role. Even

4

>though an employee need not cite any specific statute or law, his statements must indicate to a reasonable employer that he is invoking governmental policy in support of, or as the basis for his complaints.

*Jermer*, 395 F.3d at 659.

In *Aker v. New York & Co.*, 364 F. Supp.2d 661, 665 (N.D. Ohio 2005), plaintiff store manager voiced concern for her personal safety as a result of the defendant store's policy regarding shoplifters. The district court granted the defendant's motion to dismiss because notwithstanding plaintiff's complaint regarding personal safety, "[n]othing in plaintiff's complaint indicates that plaintiff told defendant that, if she was terminated, defendant would be violating the Ohio public policy favoring workplace safety." *Id*. at 665-66. In *Jermer*, plaintiff manufacturing engineer raised concerns about the air quality at defendant's manufacturing facility on two separate occasions. In so doing, the plaintiff pointed to his own health issues, as well as to a co-worker's cough. *Jermer*, 395 F.3d at 559. Despite this, the Sixth Circuit found that the plaintiff's complaints did not satisfy the jeopardy element because the plaintiff did not "in any way indicate that he was invoking a governmental policy in favor of workplace safety." *Id*.

In the instant matter, Plaintiff's claim that he "informed the dispatcher that it was too hot, and that the conditions were unsafe as a result," (Doc. 1 at ¶6), does not "in any way indicate that he was invoking a governmental policy in favor of workplace safety." *Jermer*, 395 F.3d at 559. Instead, the facts in Plaintiff's complaint are analogous to the *Acker* plaintiff's statement of concern regarding personal safety. Such a statement is insufficient to satisfy the jeopardy element of a claim for wrongful discharge in violation of Ohio public policy, and Plaintiff's lawsuit must therefore be dismissed.

**IV. Conclusion**

5

For the foregoing reasons, Defendant's FED. R. CIV. P. 12(b)(6) motion to dismiss Plaintiff's complaint is granted. Case Closed.

IT IS SO ORDERED.

                                        S/ *David A. Katz*
                                        DAVID A. KATZ
                                        U. S. DISTRICT JUDGE